[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 08 AUGUST 1998 DATE OF APPLICATION 10 AUGUST 1998 DATE APPLICATION FILED 14 AUGUST 1998 DATE OF DECISION 27 MARCH 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Windham at Putnam.
Ramon Canning, Esq. For the Petitioner.
Deborah Collins, Esq. For the State of Connecticut.
BY THE DIVISION
The petitioner was convicted after a plea of Assault on a Police Officer in violation of Conn. Gen. Statute 53a-167c, Persistent Serious Felony Offender in violation of Conn. Gen. Statute 53a-40b, Attempt to Escape Custody in violation of Conn. Gen. Statute 53a-62, Assault II in violation of Conn. Gen. Statute 53a-61, and Operating Under the Influence CT Page 6259 in violation of Conn. Gen. Statute 14-277a. The petitioner was sentenced to a total effective sentence of fifteen years, execution suspended after serving ten years.
The petitioner was involved in a series of crimes in the Town of Plainfield. After the police in Plainfield responded to a domestic complaint in which the petitioner assaulted the victim in front of her children, the petitioner then escaped out the back door when the police arrived at the premises. He was followed by the police and dove into the local pond and was apprehended. On the way to the squad car the petitioner resisted arrest and when patted down was found to have a razor knife on his person. On the way to the station the petitioner managed to work his cuffs to the front and reached into the front seat and threatened to kill the officer with a knife. While defending himself the officer sustained injury to his hands. While at the station the petitioner attempted to escape and had to be subdued with pepper spray. The petitioner was also apprehended for driving under the influence when his vehicle was seen operating erratically.
At the hearing counsel for the petitioner brought to the panels attention the fact that there was a CADAC evaluation on the file that recommended the petitioner for Day Top, an eighteen month program. Since the petitioner had a long term drug addiction counsel asked the panel to suspend the petitioner's sentence and sent the petitioner to the Day Top program. Counsel felt that the petitioner was not a dangerous person when not using drugs or alcohol and that his client was a different person now. According to counsel the petitioner was ashamed of his past and his present predicament. Noting that the petitioner has been successful in prison correcting his drug and alcohol problem, counsel wanted this panel to consider a suspended sentence and drug program.
The petitioner told the panel that he is a different person than the one before the sentencing judge. Petitioner took responsibility for his actions and candidly admitted he will need drug and alcohol counseling for the rest of his life. He then asked the panel to give him a suspended sentence.
The State's Attorney noted that the petitioner had thirty prior convictions and that he plead to being a persistent felon. She informed the panel that the state wanted eighteen years to serve and the petitioner only received ten to serve. Counsel felt the petitioner was a dangerous felon indicating that his own family was in fear of him and that he said that he would kill the officer that arrested him when he got out of jail. She asked for an affirmance of the sentence imposed.
In reviewing the remarks of the sentencing judge, we find that he CT Page 6260 thought the petitioner was a quite dangerous person when using alcohol. We couple that with the fact that the petitioner has been a persistent criminal with almost thirty arrested while being involved in alcohol.
This panel's authority is limited to review of the sentence, to value whether it is inappropriate or disproportionate to the nature of the offense, the character of the petitioner, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purpose for which it was imposed.
In light of the above, the Sentence is AFFIRMED.
 _____________________ NORKO, JUDGE _____________________ KLACZAK, JUDGE _____________________ O'KEEFE, JUDGE
Judges Norko, Klaczak, and O'Keefe participated in this decision.